BRISCOE, Circuit Judge,
concurring and dissenting.
I concur in the majority’s holding that the CGL Policy provides $1,000,000 in coverage in this case and would affirm the district court on that issue. I respectfully dissent, however, from the majority’s holding that the Aviation Policy provides the Insureds with $700,000 in coverage rather than $200,000.
The Aviation Policy contains a limitation on liability, which expressly limits all damages which arise “because of bodily injury to passengers”:
Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain bodily injury to property damage, (3) claims made or suits brought on account of bodily injury or property damage, or (4) aircraft to which this policy applies, the Company’s liability is limited as follows:
... the total liability of the Company for all damages, including damages for care and loss of service because of bodily injury to passengers shall not exceed:
(a) as respect any one passenger, the amount stated in Declarations as applicable to “each person.”
(b) as respect two or more passengers, subject to the above provisions respecting any one passenger, the amount stated in the Declarations as applicable to “each person” multiplied by the number of passengers on board the aircraft.
ApltApp. at 80 (emphasis added). The Insureds argue that the Aviation Policy not only provides coverage of $100,000 for each of the two passengers who died in the crash, but also provides coverage for the mental anguish sustained by the ten non-passengers who sued the Insureds. In its pleadings before the district court, the Insureds sought $1,000,000 in coverage under the Aviation Policy, which is the maximum amount of coverage the policy provides for “each occurrence.”
The district court agreed in part with the Insureds’ contentions and concluded the Aviation Policy provided $700,000 in coverage. The district court agreed that the Aviation Policy covered the mental anguish of non-passengers and that the limitation of liability statement in the policy did not apply to damages sustained by non-passengers. However, the court determined that the statutory cap set forth in C.R.S. § 13-21-203 applied and limited the amount payable under the policy for the mental anguish of the non-passengers to $250,000 per passenger death, for a total of $500,000. The court therefore concluded that the Aviation Policy provided $700,000 in total coverage-$200,000 for bodily injury sustained by two passengers, and $500,000 for mental anguish sustained by the non-passengers.
While it cannot be denied that the non-passengers suffered mental anguish, the question presented is whether the non-passengers can recover damages under the Aviation Policy for their mental anguish.[1] Mental anguish is listed as a bodily injury *1232 under the policy. However, the non-passengers were not directly injured as a result of the accident, i.e., they were not at the scene of the accident. Instead, their mental anguish occurred “because of bodily injury to passengers.” The Aviation Policy plainly limits liability for damages which arise “because of bodily injury to passengers” to $100,000 per passenger involved. Unless there is ambiguity in the language of an insurance policy, the policy should be enforced as written. See State Farm Mut. Auto. Ins. v. Stein, 940 P.2d 384, 387 (Colo.1997). Therefore, regardless of the fact that the policy in question covers injury to non-passengers in some circumstances, the particular injury to the non-passengers at issue falls within the policy limitation for damages which arise “because of bodily injury to passengers.” The coverage for the mental anguish arising out of the wrongful death of the two passengers is limited to $200,000.
The majority interprets the policy limitation as applying only to bodily injury sustained by passengers, and not to injuries sustained by non-passengers. However, the policy limitation at issue expressly references “damages for care and loss of service” as damages falling within the limitation. This reference within the policy limitation indicates the limitation applies to injuries, such as mental anguish, sustained by non-passengers. For example, damage for loss of service is not the type of damage which could be sustained by the passenger who is directly involved in an accident and is injured or killed. Damage for loss of service could only be sustained by a non-passenger “because of bodily injury to passengers.” The damages for mental anguish alleged here, like damages for care and loss of service, are damages sustained by non-passengers but the damages arise “because of bodily injury to passengers.”
I would reverse the district court’s ruling with regard to the coverage provided by the Aviation Policy and remand for entry of judgment in the amount of $200,000 on that policy. In all other regards, I would affirm.

. While noting Old Republic's arguments to the contrary, the assertion that a wrongful death claim is derivative in nature is unhelpful. Whether the Aviation Policy provides coverage for the mental anguish of non-passengers is governed by the language of the policy, not by the character of the action.